IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable Marcia S. Krieger

Case No. 05-cv-01537-MSK-MJW

HEALTHTRAN LLC,
a Delaware limited liability company,

       Plaintiff,

v.

CYPRESS CARE, LLC, a Georgia limited liability company,
CYPRESS CARE, INC., a Delaware corporation,
JOHN DOES I-X,
ABC CORPORATION I-V, and
XYZ PARTNERSHIPS I-V,

       Defendants.

---

**ORDER STAYING REMAND; GRANTING (IN PART) AND
DENYING (IN PART) MOTION FOR EXTENSION OF TIME;
GRANTING (IN PART) AND DENYING (IN PART) MOTION FOR
RECONSIDERATION; AND SETTING DEADLINE TO
ESTABLISH SUBJECT MATTER JURISDICTION**

---

THIS MATTER comes before the Court on the Defendants' Motion for Reconsideration **(#34)** of the Order remanding the case to state court. Having considered the same, the Court

**FINDS** and **CONCLUDES** that:

After the Plaintiff filed an Amended Complaint, this Court issued an Order **(#25)** directing the Plaintiff to show cause why its claims should not be dismissed for lack of subject matter jurisdiction. The deadline for filing a Second Amended Complaint was October 21, 2005. The parties thereafter advised the Court that they were nearing settlement and desired to stay the case in order to complete and consummate the settlement. **(#29)**. The Court declined to stay the case for this reason. **(#30)**.

Thereafter, the Plaintiff filed a Motion for an Extension of Time to File a Second Amended Complaint, or Alternatively, for an Order Remanding the Case to State Court **(#31)**. The motion requested a delay in filing a Second Amended Complaint which would correct the jurisdictional defect until the parties' settlement agreement was consummated. In the alternative, the Plaintiff requested remand. In error, the Court believed that the Defendants had consented to this motion in its entirety and granted the motion to remand. The Defendants have now filed a motion **(#34)** asking the Court to reconsider its Order remanding the case because they only agreed to the requested extension of time.

It is appropriate, given the Court's misperception, to reconsider its Order to Remand based on the parties' agreement. But the fact remains that the allegations of the Amended Complaint are insufficient to support this Court's jurisdiction. The Plaintiff seeks to delay amendment because it desires to avoid expending attorney fees in researching, drafting and filing a Second Amended Complaint, given the parties' settlement. The Plaintiff also states that it lacks the factual information needed to establish jurisdiction but that the Defendants have, and are willing to provide, the pertinent information, if given enough time. The motion therefore serves the same purpose as the parties' prior motion to stay the matter, which the Court previously denied.

To give the Plaintiff an opportunity to amend its complaint and the Defendants an opportunity to respond to the Plaintiff's motion to remand,

**IT IS THEREFORE ORDERED** that:

(1)   The Court's Order to Remand **(#32)** is **STAYED,** pending further order.

(2)   The Plaintiff's request for an extension of time to file a Second Amended

Complaint **(#31)** is **DENIED IN PART** and **GRANTED IN PART**. The Plaintiff shall have until the close of business on **Friday, October 28, 2005** to file a Second Amended Complaint which cures the deficiencies of the First Amended Complaint.

(3) The Defendants Motion for Reconsideration **(#34)** is **GRANTED IN PART** and **DENIED IN PART**. The Defendants shall have until the close of business on **Friday, October 28, 2005** to file a response to the Plaintiff's motion to remand.

(4) If no party establishes that the Court has subject matter jurisdiction over the Plaintiff's claims, the Court will lift the stay on its Order to Remand and will remand the case to the appropriate state court. Such order will state the reasons for the remand and restate the appropriate court for remand.

Dated this 25th day of October, 2005

                                            **BY THE COURT:**

*[signature: Marcia S. Krieger]*

                                            Marcia S. Krieger
                                            United States District Judge